931 F.2d 893
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virginia BACHELIER, et al., Plaintiffs-Appellants,
v.
HAMILTON COUNTY, OHIO, et al., Defendants-Appellees.
 No. 90-3725.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1991.
 
 1
 Before KENNEDY AND RYAN, Circuit Judges, and FEIKENS, Senior District Judge.[1]
 
 
 2
 FEIKENS, District Judge.
 
 
 3
 Appellants brought suit in the United States District Court for the Southern District of Ohio, alleging claims under 42 U.S.C. Sec. 1983 against the City of Cincinnati, Hamilton County, and certain County officers, in their official capacities, for their role in enforcing an injunction issued by Hamilton County Court of Common Pleas Judge Thomas Crush. The district court dismissed appellants' claims. For the reasons set forth below, we AFFIRM the holding of the district court.
 
 I. Background
 
 4
 Appellants are twenty-eight persons who attempted to picket and protest at the Margaret Sanger Center ("Center") located at 3332 Vine Street in Cincinnati, Ohio. The Center is an abortion clinic operated by Planned Parenthood Association of Cincinnati ("Planned Parenthood").
 
 
 5
 On March 26, 1986, as a result of picketing at the Center, Planned Parenthood filed a lawsuit in the Hamilton County Court of Common Pleas, seeking a temporary restraining order, preliminary injunction and permanent injunction against certain individuals and organizations. See Planned Parenthood v. Project Jericho, et al., No. A8602417 (1986). Planned Parenthood's complaint alleged that certain persons and organizations disrupted the operation of the Center, harassed and intimidated staff and patients, blocked access to the building and created traffic problems.
 
 
 6
 The case was assigned to Hamilton County Common Pleas Judge Thomas Crush ("Judge Crush"). On April 4, 1986, Judge Crush issued a preliminary injunction against certain named defendants, prohibiting them from shouting or chanting so loud as to be heard inside the Center, and from blocking the sidewalk. On April 3, 1986 Planned Parenthood filed an amended complaint seeking class certification and an injunction against a defendant class of protestors. On June 20, 1986, Judge Crush entered an order ("Crush injunction") which conditionally certified a defendant class comprised of:
 
 
 7
 Persons picketing between the south curb of Louis Avenue and the north curb of Shields Avenue and on both sides of Vine Street from Louis Avenue to Shields Avenue who have been personally served with this order as well as their officers, agents, servants, employees, attorneys, and those persons in active concert and participation with them who received personal service of the order.
 
 
 8
 The order further defined "persons picketing" as:
 
 
 9
 Persons present in the area referred to in this order who are carrying protest or informational signs, passing out literature, speaking publicly, or otherwise engaged in activity, intended to inform, influence, and persuade the public about matters of public interest, including abortion.
 
 
 10
 The Crush injunction prohibited screaming, chanting, speaking or singing in a manner intended to reach, or which had the effect of reaching patients inside the Center; screaming at patients entering or leaving the Center; blocking the driveway, entrances or exits from the Center or the public walkway in front of it; and mass picketing. The injunction also limited the number of picketers on certain streets bordering the Center.
 
 
 11
 After Judge Crush issued the injunction, various defendants were charged with contempt and, after a hearing, found guilty. Of those found guilty, eighteen appealed to the Court of Appeals for Hamilton County.
 
 
 12
 The court of appeals affirmed the findings of contempt, but reversed the certification of a defendant class. Seventeen defendants appealed their contempt convictions to the Ohio Supreme Court, and Planned Parenthood cross-appealed on the reversal of class certification.
 
 
 13
 The Ohio Supreme Court upheld the contempt citations, holding that the Crush injunction was a reasonable time, place and manner restriction on appellants' first amendment rights. However, it reversed the court of appeals on the class certification issue, finding that the defendant class was properly certified by Judge Crush. See Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho, 52 Ohio St.3d 56, 556 N.E.2d 157 (1990).
 
 
 14
 Thereafter, appellants[2] filed suit in United States District Court against the City of Cincinnati, Hamilton County, and various County officers,[3] for their role in enforcing the Crush injunction. Counts I through III of appellants' complaint alleged that their rights under the first, fifth, and fourteenth amendments of the United States Constitution were violated by defendants' attempts to enforce the Crush injunction. Count IV alleged that the defendants conspired to enforce the Crush injunction in a discriminatory manner in violation of plaintiffs' right to equal protection under the fourteenth amendment. All of appellants' claims were predicated on 42 U.S.C. Sec. 1983.
 
 
 15
 The district court dismissed counts I through III of appellants' complaint, finding that the Ohio Supreme Court's decision in Planned Parenthood precludes appellants from attacking the constitutionality of the Crush injunction. Alternatively, the district court held that appellants could not state a claim under Sec. 1983 against appellees because the alleged violation of appellants' constitutional rights was due to the facially valid Crush injunction, not to any policy adopted by the City and County. The court dismissed count IV of the complaint because it found no factual basis for appellants' claim of discriminatory enforcement.
 
 II. Analysis
 
 16
 The first question we must address is whether the district court properly held that appellants are precluded from challenging the validity of the Crush injunction because of the Ohio Supreme Court's decision in Planned Parenthood.
 
 
 17
 Although only six of the appellants were parties to the Planned Parenthood lawsuit, all of the appellants were members of the defendant class to which the Crush injunction applied. Therefore, appellants are bound by the Ohio Supreme Court's decision upholding the validity of that injunction.[4]
 
 
 18
 Judicial review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. See, e.g., In Re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986). A United States district court "has no authority to review final judgments of a state court in judicial proceedings." Id. (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)). This is true even though the state court judgment may have been erroneous. Id. The district court, therefore, properly refused to review the correctness of the Planned Parenthood decision.
 
 
 19
 Additionally, appellants cannot prevail under 42 U.S.C. Sec. 1983 because they cannot show that an official policy of defendants was the moving force behind their alleged constitutional violation. As the United States Supreme Court held in Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985):
 
 
 20
 [T]o establish personal liability in a Sec. 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.... More is required in an official-capacity action, however, for a governmental entity itself is liable under Sec. 1983 only when the entity itself is a "moving force" behind the deprivation, Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981) (quoting Monell, supra, 436 U.S., at 694 ...); thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law (citations omitted).
 
 
 21
 Here, it is clear that Judge Crush's injunction, not any policy of appellees, was the moving force behind the alleged violation of appellants' constitutional rights. Appellees' decision to enforce a facially valid injunction does not subject them to Section 1983 liability. See Richardson v. City of South Euclid, No. 89-3056 (6th Cir. June 11, 1990). Nor can the order of Judge Crush be imputed to Hamilton County as a policy since Judge Crush is a state, not county, official. See Association for Children for Enforcement of Support, Inc. v. Paniato, No. C-1-85-1219 (S.D.Ohio Dec. 18, 1986).
 
 
 22
 Appellants also appeal the dismissal of their discriminatory enforcement claim. They argue that the Crush injunction was discriminatorily enforced because Planned Parenthood personnel were allowed to walk freely through restricted picket zones wearing the designation "clinic escort" while protestors were barred from those areas.
 
 
 23
 The district court properly rejected this argument. Wearing a badge with the inscribed words "clinic escort" does not constitute picketing within the meaning of the Crush injunction. Accordingly, appellants cannot claim that the Crush injunction was discriminatorily enforced.
 
 
 24
 The holding of the district court therefore is AFFIRMED. IT IS SO ORDERED.
 
 
 
 [1]
 The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 Of the twenty eight appellants, six were parties to the Planned Parenthood lawsuit
 
 
 [3]
 None of the appellees were parties to the Planned Parenthood lawsuit
 
 
 [4]
 The Ohio Supreme Court reviewed the breadth of the injunction and found it to be binding upon parties and non-parties acting in concert or participation with a party who had actual notice of the injunction. Presumably these appellants had actual notice of the injunction since they now claim that enforcement of the injunction deprived them of their constitutional rights